### UNITED STATES v. WONG AH HUNG.

(District Court, N. D. California. August 29, 1894.)

### No. 3,052.

CHINESE—REGISTRATION—PERSON IN PRISON—MERCHANT OR LABORER.

> A Chinaman serving a term of imprisonment at hard labor is a "laborer," within Act May 5, 1892, § 6, requiring Chinese to register, and not "a merchant," within the exemption of Act Nov. 3, 1893, § 2, defining "merchant" as a person engaged in buying and selling merchandise at a fixed place of business, which business is conducted in his name, and who does not engage in manual labor, except such as is necessary in the conduct of his business as such merchant, though prior to his imprisonment he owned an interest, in the name of another, in a mercantile firm, and retains it during his imprisonment.

Proceedings by the United States against Wong Ah Hung to deport the defendant under the provisions of the act of November 3, 1893, entitled "An act to amend an act entitled 'An act to prohibit the coming of Chinese persons into the United States,' approved May 5th, 1892." Defendant ordered to be deported.

Charles A. Garter, U. S. Atty.

Lyman I. Mowry, for defendant.

MORROW, District Judge. The defendant was tried and convicted in this court, in December, 1887, upon two charges,—one for bringing into the United States kidnapped persons to hold to involuntary servitude (Act June 23, 1874, 18 Stat. 251); and the other for importing women for the purposes of prostitution (section 3, Act March 3, 1875; 18 Stat. 477). He was sentenced to five years' imprisonment at hard labor in the state prison, with a fine of $1,000, upon each charge, imprisonment for the second charge to date from the expiration of the imprisonment on the first charge. These terms of imprisonment, allowing for deduction of time by reason of good conduct, expired August 13, 1894, when defendant was immediately rearrested, upon the warrant issued on the complaint and affidavit for deportation, filed herein. The present proceeding is prosecuted by the district attorney, under the provisions of section 6 of the act of May 5, 1892, entitled "An act to prohibit the coming of Chinese persons into the United States." as amended by the act approved November 3, 1893. The complaint and affidavit states that the defendant was and is a Chinese laborer; that he was convicted of a felony in the district court of the United States for the northern district of California, as above recited; that he has not procured a certificate of residence, as required by said act; and that he is therefore subject to deportation, as provided by said act. The

defendant claims that, at the time of his conviction, he was a merchant and a member of the firm of Quong On, doing business in San Francisco, and that he had been such for several years prior thereto, and that during his imprisonment he retained his interest in the firm of which he was a member up to January, 1894, when the copartnership went out of business; that, being a merchant, the provisions of the act of May 5, 1892, as amended by the act of November 3, 1893, do not apply to him; and that, for that reason, he was not required to procure a certificate of residence, and hence is not subject to deportation for failing to provide himself with such certificate.

It may be conceded as an established fact that prior to his incarceration in the state prison, in 1887, the defendant owned an interest in a mercantile firm, doing business in this city; that the capital of the firm was $10,000; that defendant had an interest of $800, in the name of Wong Yick Chew; and that he invested $200 for one Wong Wing, making defendant's total interest $1,000. Did the defendant maintain his status as a merchant while he was serving his term in prison? I think not. In my judgment, he was during his term of imprisonment a "laborer," within the meaning of section 6 of the act of May 5, 1892. He was certainly not a "merchant," within the meaning of section 2 of the amendatory act of November 3, 1893. It is there provided that:

"The term 'merchant,' as employed herein and in the acts of which this is amendatory, shall have the following meaning and none other: A merchant is a person engaged in buying and selling merchandise, at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant, does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant."

Having failed to register under the provisions of the first-named act, and not being entitled to a certificate of residence under the amended act, because of his conviction of a felony, I am clearly of the opinion that he must be deported; and it is so ordered.